UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| NOVO NORDISK A/S and NOVO NORDISK INC., <br><br> Plaintiffs, <br><br> v. <br><br> BARE BODY SHOP FRANCHISING, LLC, <br><br> Defendant. | No. 4:25-cv-03091 |

**STIPULATED PROTECTIVE ORDER**

1. <u>Purpose</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than for the purpose of prosecuting this litigation may be warranted. Accordingly, Plaintiffs Novo Nordisk A/S and Novo Nordisk Inc. and Defendant Bare Body Shop Franchising, LLC (collectively, the "Parties") petition this Court to enter the following Stipulated Protective Order ("Protective Order").

This Protective Order governs documents, the information contained therein, and other information produced or disclosed during this litigation.

2. <u>Definitions</u>

   a. "Designating Party" means a Party or Non-Party that designates something it has produced in this proceeding as "Confidential" or "Attorney's Eyes Only."

   b. "In-House Counsel" means attorneys who are employees of a party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

  c. "Non-Party" means a person or entity not named as a party in this action that has occasion to produce Disclosures, *e.g.*, in response to a subpoena.

  d. "Outside Counsel of Record" means attorneys who represent parties in this litigation for purposes of this litigation.

  e. "Party" means any party to this litigation, including all of its officers, directors, employees, consultants, retained experts, In-House Counsel, and Outside Counsel of Record.

  f. "Protected Health Information" ("PHI") has the same scope and definition as set forth in the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended by the Health Information Technology for Economic and Clinical Health Act ("HITECH Act"), including all applicable regulations and guidance issued by the Secretary of the United States Department of Health and Human Services (collectively "HIPAA Rules"), including specifically 42 C.F.R. Part 2, and 45 C.F.R. §§ 164.506(c)(3), 164.512(e)(1)(ii)(B), 164.512(e)(1)(v), as well as all state laws and regulations regarding the privacy and security of personal information (collectively with the HIPAA Rules, "Privacy and Security Rules") as well as the definitions and guidance set forth in 45 C.F.R. § 160.103 and § 164.501. Without limiting the generality of the foregoing, PHI includes health information, including demographic information, relating to: the past, present, or future physical or mental health or condition of an individual; and the provision of health care to an individual which identifies or reasonably could be expected to identify the individual. It also includes all notes, summaries, compilations, extracts, abstracts, or oral communications that are based on or derived from PHI including payment for care provided to an individual,

regardless of form or format. PHI also includes information that contains the following identifiers of a patient:

<ol type="i">
<li>names;</li>
<li>all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;</li>
<li>all elements of dates (except year) directly related to an individual, including birth date and age;</li>
<li>telephone numbers;</li>
<li>fax numbers;</li>
<li>electronic mail addresses;</li>
<li>social security numbers;</li>
<li>medical record numbers;</li>
<li>health plan beneficiary numbers;</li>
<li>account numbers;</li>
<li>certificate/license numbers;</li>
<li>vehicle identifiers and serial numbers, including license plate numbers;</li>
<li>device identifiers and serial numbers;</li>
<li>web universal resource locaters ("URLs");</li>
<li>internet protocol ("IP") address numbers;</li>
<li>biometric identifiers, including finger and voice prints;</li>
<li>full face photographic images and any compatible images;</li>
<li>any other unique identifying number; characteristic, or code; and</li>
</ol>

   xix. any other information that the Producing Party knows could be used alone or in combination with other information to identify an individual who is subject of the information.

 g. "Protected Material" means anything that has been designated as "Confidential" or "Attorneys' Eyes Only" as defined in Sections 4 and 5, but also (1) any information copied or extracted from such material; (2) all copies, excerpts, summaries or compilations thereof; and (3) any testimony, conversations, or presentations by the parties or their Counsel that reveal such material.

 h. "Receiving Party" shall mean any party or its counsel that receives Protected Material during this proceeding.

3. <u>Scope</u>

 a. This Protective Order shall govern anything designated as Protected Material.

 b. This Protective Order is binding upon all parties in this proceeding, including their respective corporate parents, subsidiaries, and affiliates, including their successors, and their respective attorneys, principals, representatives, directors, officers, employees, and others as set forth in this Protective Order, including all signatories to Exhibit "A."

 c. If additional parties are added to this Proceeding, their ability to receive Protected Material will be subject to their being bound, by agreement and written notice to all other parties or by Court order, to this Protective Order.

 d. Non-parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order and thereby become a Producing Party for the purposes of this Protective Order.

    e.    This Order authorizes the disclosure of information protected by HIPAA, as amended by the HITECH Act, including all applicable Privacy and Security Rules. This Order constitutes a qualified protective order, as that term is defined in the Privacy and Security Rules.

    f.    Nothing herein shall be construed as an admission or concession by any Party that Protected Material constitutes material, relevant, or admissible evidence in this proceeding.

4. <u>Confidential Information.</u>

    a.    Any party may designate as "Confidential" anything the Designating Party believes in good faith constitutes, reflects, discloses, or contains information subject to protection under Federal Rule of Civil Procedure 26(c) or other applicable law.

5. <u>Attorneys' Eyes Only Information.</u>

    a.    Any party may designate as "Attorneys' Eyes Only" any Protected Material the Designating Party believes in good faith contains highly sensitive information, the disclosure of which could result in significant, irreparable competitive or commercial disadvantage.

6. <u>Designations of Protected Material.</u>

    a.    <u>Designation of Documents</u>. A Designating Party may designate documents as Confidential or Attorneys' Eyes Only by placing a "Confidential" or "Attorneys' Eyes Only" marking on them. Such markings shall not obscure, alter, or interfere with the legibility of the original document.

    b.    <u>Designation of Deposition Transcripts</u>. During depositions, Protected Material may be used or marked as exhibits but shall remain subject to this Protective Order and

may not be shown or otherwise disclosed to the witness unless such witness is a Qualified Person as described below, or upon agreement by the Designating Party, or by Court order.

    i. If deposition testimony or exhibits contain or refer to Protected Material, the Designating Party, by and through counsel, shall either:

        (a) On the record at the deposition, designate the testimony or exhibit(s) as Protected Material, or

        (b) No later than thirty days after receiving a copy of the deposition transcript, inform the deposing counsel and counsel for other parties that the testimony or exhibit(s) constitute Protected Material; to facilitate this process, during the thirty-day period following a deposition, the entire deposition testimony, transcript, and exhibits shall be treated as Confidential under this Protective Order.

    ii. When a party designates testimony as Protected Material during the deposition, counsel for that party may exclude from the deposition all persons who are not Qualified Persons under this Order.

    iii. When portions of a deposition transcript or its exhibits are designated as Protected Material, each designated page of the transcript or exhibit shall be marked by the court reporter with the legend "Confidential" or "Attorneys' Eyes Only," except to the extent relevant exhibit pages are already marked with such a legend (*e.g.*, because they were produced with it).

    c. <u>Designation of Other Protected Material</u>. With respect to Protected Material produced in some form other than as described above, including DVDs, hard drives, or other tangible items, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the words "Confidential" or "Attorneys' Eyes Only." If only portions of the item warrant protection, the Designating Party, to the extent practicable, shall identify the portions that constitute Protected Material.

7. <u>Required Treatment of Protected Material.</u>

    a. A Receiving Party may use and disclose Protected Material only for prosecuting, defending, or attempting to settle this proceeding, including any appeal(s), so long as such use or disclosure is permitted herein, and for no other purpose.

    b. A Receiving Party that wishes to file Protected Material with the Court must move the Court for leave to do so under restricted access in accordance with local rules.

    c. Access to and disclosure of Protected Material shall be limited to those persons designated as Qualified Persons.

    d. Nothing in this Protective Order shall limit a party's use or disclosure of its own Protected Material.

    e. A Receiving Party will take reasonable measures to prevent the unauthorized use or disclosure of Protected Material, and promptly notify the Designating Party upon discovering any unauthorized use or disclosure of Protected Material.

    f. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

8. <u>Qualified Persons with Respect to Protected Material.</u>

Protected Material may be disclosed only to the following persons (referred to as "Qualified Persons" throughout this Order):

    a.    Disclosure of Protected Material designated as "Confidential".

          i.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Protected Material designated as "Confidential" only to:

              (a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record, to whom it is reasonably necessary to disclose the information for this litigation;

              (b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party, to whom disclosure is reasonably necessary for this litigation and who have signed the "Endorsement of Protective Order" (Exhibit A);

              (c) outside experts, consultants, any other attorneys, and their staff retained to assist the parties in the conduct of these actions, subject to the provisions of this Protective Order and so long as such person has signed the "Endorsement of Protective Order" (Exhibit A);

              (d) the Court and its personnel;

              (e) persons or entities that provide litigation support services retained by a party or its Outside Counsel of Record, including court reporters and their staff, professional jury or trial consultants, and vendors, as well as

      their employees and subcontractors, to whom disclosure is reasonably necessary for this litigation; and

    (f) during their depositions or trial testimony, witnesses in this proceeding that are reasonably believed to have authored or already received a copy of Protected Material and to whom disclosure is reasonably necessary for the purposes of the litigation.

  ii. Any current employee of a Designating Party may be examined at trial or upon deposition concerning any information designated "Confidential" by such party.

b. <u>Disclosure of Protected Material designated as "Attorneys' Eyes Only."</u>

  i. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Protected Material designated as "Attorneys' Eyes Only" only to:

    (a) the Receiving Party's Outside Counsel of Record in this proceeding, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

    (b) the In-House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have executed Exhibit A;

    (c) outside experts, consultants, any other attorneys, and their staff retained to assist the parties in the conduct of these actions, subject to the provisions of this agreement and so long as such person has executed Exhibit A;

      (d)  the Court and its personnel;

      (e)  persons or entities that provide litigation support services retained by a party or its Outside Counsel of Record, including court reporters and their staff, professional jury or trial consultants, and vendors, as well as their employees and subcontractors, to whom disclosure is reasonably necessary for this litigation; and

      (f)  during their depositions or trial testimony, witnesses in this proceeding that are reasonably believed to have authored or already received a copy of a document containing the information and to whom disclosure is reasonably necessary for the purposes of the litigation.

  ii.  Any current employee of a Designating Party may be examined at trial or upon deposition concerning any information designated "Attorneys' Eyes Only" by such party.

9. <u>Challenges to Designations.</u>

  a. **Burden.** The Designating Party bears the burden of establishing confidentiality.

  b. **Waiver.** Nothing in this Protective Order shall constitute waiver of any party's right to object to the designation or non-designation of documents, testimony, or information as Protected Material.

  c. **Challenges.** If a party contends that any document, testimony, or information has been erroneously or improperly designated as Protected Material, or has been improperly redacted, the material at issue shall be treated as Protected Material under the terms of this Protective Order until:

   i.  The parties reach a written agreement, or

      ii. This Court issues an order determining that the material is not confidential and shall not be given confidential treatment.

  d. If counsel for a party receiving Protected Material in discovery objects to such designation, said counsel shall advise counsel for the Designating Party in writing of such objections, the specific Protected Material to which each objection pertains, and the reasons and support for such objections.

  e. **Meet and Confer.** Upon receipt of written designating objections, counsel for the Designating Party shall have fifteen business days to meet and confer in good faith and respond in writing as to whether the designation will be maintained or withdrawn. During that fifteen-day period, the Receiving Party that issued those objections may not issue additional objections.

  f. **Judicial Intervention.** If the parties are unable to resolve the dispute, the party challenging the designation may seek judicial intervention consistent with the Court's procedures for resolving discovery disputes. In any dispute, the Designating Party will bear the burden of proof.

10. <u>Redactions.</u>

  a. To protect against unauthorized disclosure of Protected Materials, and to comply with all applicable state and federal laws and regulations, the Producing Party may redact from produced documents and materials the following items:

      i. PHI;

      ii. The names, street addresses, Social Security numbers, tax identification numbers, and other personally identifying information of patients, health care providers, and individuals in clinical studies or adverse event reports.

                Other general identifying information, however, such as patient or health provider numbers, shall not be redacted unless required by state or federal law; and

      iii.    The Social Security numbers, tax identification numbers and other personal identifying information of employees in any records.

    b.    Notwithstanding any of the foregoing provisions, nothing contained herein shall be construed as a waiver of a party's ability to challenge such redactions pursuant to the procedures set forth herein. The burden as to the propriety of the redaction remains on the Designating Party at all times.

11.    <u>Subpoena by Other Courts or by Agencies.</u>

    a.    If another court or an administrative agency requests, subpoenas, or orders the disclosure of Protected Material from a Receiving Party, the Receiving Party so requested, subpoenaed, or ordered shall notify the Designating Party by e-mail to Outside Counsel of Record for the Designating Party not later than ten days prior to producing or disclosing any Protected Material or as soon thereafter as possible, and shall furnish such counsel with a copy of the request, subpoena, or order. The Receiving Party shall not disclose any Protected Material prior to the date specified in the request, subpoena, or order.

    b.    Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the request, subpoena, or order, otherwise oppose the disclosure of the Protected Material, or seek to obtain confidential treatment of such Protected Material, to the fullest extent available under law, by the person or entity issuing the request, subpoena, or order.

12. <u>Disposition of Protected Material.</u>

    a. Within ninety calendar days after the final disposition of this proceeding (including any appeals and after the time for filing all appellate proceedings has passed), each Receiving Party, including its employees, attorneys, consultants, and experts, must use good faith efforts to destroy all Protected Material or otherwise shall comply with an applicable order of the Court, subject to the exception described herein.

    b. The destruction of Protected Material under this paragraph shall include originals, copies, duplicates, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.

    c. Upon request of the Designating Party, the Receiving Party must submit a written certification to the Designating Party by the 90-day deadline that (1) states that good faith efforts have been made to ensure that all Protected Material has been destroyed, and (2) affirms that the Receiving Party has not retained any originals, copies, duplicates, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.

    d. As an exception to the above requirements, and unless otherwise ordered by the Court, the parties' Outside Counsel of Record may retain: (a) copies of pleadings or other papers that have been filed with the Court and that are Protected Material or that reflect, reference, or contain Protected Material; (b) their work product; and (c) deposition, hearing, and trial transcripts and exhibits thereto. The terms and provisions of this Order shall continue to apply to any such Protected Material retained by Counsel.

13. <u>Order Survives Termination of this Proceeding</u>.

After the termination of this proceeding by entry of a final judgment or order of dismissal, this Protective Order shall continue to be binding. This Protective Order is, and shall be deemed to be, an enforceable agreement between the parties, all of which submit to the jurisdiction of this Court for its interpretation and enforcement.

14. <u>Inadvertent Production or Disclosure of Protected Material.</u>

   a. Inadvertent disclosure of Protected Material without the proper designation shall not be deemed a waiver in whole or in part of the Producing Party's ability to designate the Protected Material at a later time. Upon realizing that Protected Material has been produced without the proper designation, the Designating Party shall promptly inform the Receiving Party in writing of the specific material at issue and its new designation, and promptly reproduce the Protected Material with the required legend.

   b. Upon receipt of such notice, the Receiving Party will treat the Protected Material as redesignated and within ten business days of receiving notice shall destroy all copies of such Protected Material and instruct any parties to whom it has disclosed Protected Material to destroy all copies of such Protected Material. However, the Receiving Party will not be responsible for any previous use or disclosure of the Protected Material that complied with its original designation or lack of designation.

**DONE** and **ORDERED** on this 21st day of May, 2025.

_____
Michael D. Nelson
United States Magistrate Judge

**EXHIBIT A**

**ENDORSEMENT OF PROTECTIVE ORDER**

I, _____, understand that Protected Material as defined in the Protective Order dated _____, 2025, in the above-captioned litigation ("Litigation") will be provided to me; that I have been given a copy of and have read the Protective Order; and that I agree to be bound by its terms. I also understand that my execution of this Endorsement of Protective Order, indicating my agreement to be bound by the Protective Order, is a pre-requisite to my receipt and review of any Protected Material.

I further agree that I shall not use or disclose any Protected Material except as authorized by the Protective Order.

I further agree to return or destroy all copies of any Protected Material I have received upon request of the person or entity who provided them to me.

I further agree and understand that, if I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the United States District Court for the District of Nebraska for the purposes of any proceedings relating to enforcement of the Protective Order. I further agree to be bound by and to comply with the terms of the Protective Order as soon as I sign this Endorsement.

Date: _____

By: _____